UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TITILAYO BEDIAKO, on behalf of her minor son, D.B., | Civil No. 03-3499 (JRT/FLN) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL** |
| v. | |
| JEFF JINDRA, in his individual capacity, | |
| Defendant. | |

David L. Shulman, **LAW OFFICE OF DAVID L. SHULMAN PLLC**, 1005 Franklin Avenue West, Suite 3, Minneapolis, MN 55405, for plaintiff.

Timothy S. Skarda, **MINNEAPOLIS CITY ATTORNEY'S OFFICE**, 333 South Seventh Street, Suite 300, Minneapolis, MN 55402-2453, for defendant.

Plaintiff Titilayo Bediako filed this lawsuit, on behalf of her minor son D.B., against defendant Jeff Jindra, a City of Minneapolis police officer. In her amended complaint, plaintiff alleges that defendant violated 42 U.S.C. §§ 1983 and 1988, the Minnesota Human Rights Act, and the Minnesota common law. The jury issued its verdict on May 19, 2005, finding for defendant on all counts. This matter is before the Court on plaintiff's motion for a new trial on her claim under 42 U.S.C. § 1983. For the reasons discussed below, the Court denies the motion.

## BACKGROUND

Plaintiff's lawsuit arises from the events that unfolded when two police officers confronted D.B. outside a gas station on May 30, 2003. The police officers went to the

gas station based on a call that a person in a blue jogging suit was possibly dealing drugs. When the police arrived, they noticed D.B. and his friend standing near the person in the blue jogging suit. The police officers did not see D.B. talk with the person, engage in any type of hand movements, or engage in any other type of interaction. As the police approached, D.B. and his friend walked away. Defendant stopped D.B., his friend, and four other African Americans and ordered them to put their hands on a fence. The details of the following events are disputed, but both parties agree that D.B. reached towards his waistband and defendant applied physical force.

Plaintiff moves for a new trial on her claim under 42 U.S.C. § 1983 that defendant stopped, searched, and arrested her son without reasonable suspicion or probable cause to believe that D.B. had committed a crime. Plaintiff argues that the jury verdict was against the great weight of the evidence.

## ANALYSIS

Under Rule 59, "[a] new trial may be granted . . . on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ." Fed. R. Civ. P. 59(a). The standard for granting a new trial is whether the verdict is against "the great weight of the evidence." *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996). In evaluating a motion for a new trial pursuant to Rule 59(a), the key question is whether a new trial should be granted "to avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994). In considering a motion for a new trial, the Court may "rely on its own reading of the evidence – it can weigh the

evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain a verdict." *Ryan v. McDonough Power Equip.*, 734 F.2d 385, 387 (8th Cir. 1984) (citation omitted).

Plaintiff argues that defendant failed to "point to specific and articulable facts" that justified the seizure of D.B. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968). The Court disagrees. Defendant points to several facts in support of the arrest. Officers were familiar with the location as a "marijuana supermarket," and a man appeared to the officers to be selling controlled substances. Plaintiff looked as if he was part of the group around the marijuana seller. When the seller and the group observed police officers, they scattered. The plaintiff walked away at the same time.

The Court found defendant and his witnesses credible and can find no basis to overturn the verdict of the jury which had the opportunity to hear the evidence and to assess the credibility of the witnesses. Accordingly, the Court must deny plaintiff's motion for a new trial.

## ORDER

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's Motion for a New Trial [Docket No. 73] is **DENIED**.

DATED:   March 15, 2006                               s/ John R. Tunheim
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                    United States District Judge